REISSUED FOR PUBLICATION
APR 9 2019
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed: March 6, 2019

```
* * * * * * * * * * * * *
MARIA HERRERA,                     *     No. 18-221V
                                   *
            Petitioner,            *     Special Master Sanders
                                   *
v.                                 *
                                   *
SECRETARY OF HEALTH                *     Dismissal; Insufficient Proof; influenza
AND HUMAN SERVICES,                *     ("flu") vaccine; Guillain-Barré syndrome
                                   *     ("GBS").
            Respondent.            *
* * * * * * * * * * * * *
```

*Maria Herrera*, pro se, Moorpark, CA.
*Lisa Ann Watts*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On February 13, 2018, Maria Herrera ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccine she received on October 18, 2016. Pet., ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On March 4, 2019, Petitioner submitted a Motion to Dismiss her petition. ECF No. 19. In her Motion, Petitioner conceded that "[a]n investigation of the facts and science supporting her case has demonstrated to [P]etitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 1.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be withheld from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99–660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk of Court shall enter judgment in accordance herewith.**

**IT IS SO ORDERED.**

Herbrina D. Sanders
Special Master